MEMORANDUM **
California state prisoner Jose G. Zavala appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action with prejudice for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Douglas v. Noelle, 567 F.3d 1103, 1106 (9th Cir.2009). We affirm.
The district court properly dismissed Zavala’s assertion of claims under 18 U.S.C. § 242 because it is a criminal statute that does not give rise to civil *213 liability. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir.2006).
The district court properly dismissed Zavala’s claims under 42 U.S.C. § 1983 because the allegations failed to rise to the level of constitutional deprivations. See Hudson v. McMillian, 503 U.S. 1, 5, 7, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (holding that the “unnecessary and wanton infliction of pain ” violates the Eighth Amendment, that the “absence of serious injury is ... relevant to the Eighth Amendment inquiry[,]” and that the Eighth Amendment only recognizes the use of physical force above a certain threshold) (emphasis added); see also Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir.1997), abrogated on other grounds by Shakur v. Schriro, 514 F.3d 878 (9th Cir.2008) (“As for being subjected to abusive language directed at [one’s] religious and ethnic background, verbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.”) (internal quotation marks omitted).
Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995) (“A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.”).
The district court did not abuse its discretion when it did not remand Zavala’s case to state court after dismissing the federal claims because the operative complaint alleged no state claims. See United Nat’l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1112 (9th Cir.2001) (reviewing for abuse of discretion the district court’s decision whether to remand a removed case back to state court).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.